Gkeen, J.
delivered the opinion of the court.
David Ledbetter died in 1834, having made a will, in which his wife E. C. and A. James were named as executor and executrix. At November term of the county court of Rutherford, they proved the will, and took upon themselves the burthen of its execution.
A short time before his death, the testator purchased a tract of land from Henry Finger, and executed several notes for the purchase money, payable at different times. The last notes fell due several years after his death. The said testator, was also indebted to the estate of Isaac Ledbetter, deceased, upwards of seven hundred dollars, due on several small notes, then in the hands of William Ledbetter, one of his executors. Anderson James, executor of David Ledbetter, consulted with William Ledbetter, the executor of Isaac, as to the best means of paying the debts'of the estate, without a sale of the land and negroes, which he was anxious to avoid. It was found on making an estimate of the means in his hands, and of the debts due from the estate, that. there were not assets to pay all the debts, without resorting to the land and ne-groes. Upon making this discovery, the said executor James, requested William Ledbetter to suspend the debt due his father’s estate (the aforesaid Isaac, deceased) until the land was paid for, which William agreed to do.
Some years (probably more than two) after their qualification, the executors of David Ledbetter, signed a written memorandum, requesting of William Ledbetter further indulgence, and agreeing to confess a judgment for the amount of the debt due his testator, whenever he should request it. In pursuance of this agreement a judgment was confessed in his favor for $792 S7-), in October, 1830, and about the time Finger obtained judgment for the last payment due for the land. This payment was satisfied by the sale of several negroes belonging to the estate of the said David.
Melissa Ledbetter’, daughter of David, intermarried with William Puckett, by whom she had issue, the complainants, and has since died. No administration has been granted of her estate. This bill is filed by the complainants, as distributees of their mother, claiming her share of her father’s (David Ledbetter’s) estate, and alleging that the debt due Isaac Ledbetter’s estate, was barred by the statute of limitations of 1789, ch. 23, at the time the judgment aforesaid was confessed, and that the said executors committed a devastavit by *567 the confession thereof. Eleanor C. Ledbetter, the executrix, has died intestate, and the defendant Howse, is her administrator, and the other executor, Anderson James, has. died, leaving a will, of which, the other defendant, Frances James, is executrix.
1st. The first question is, was the request for delay, which-was made by James, executor to William Ledbetter, of such a character as to-prevent the operation of the statute of limitations, during the period of such delay?
The proviso of the 4th section of the act of 1789, ch 23, is in the following words: “That if any creditor, who after making demand of his debt, or claim, shall delay to bring suit at the special request of the executors or administrators, then in that case, the said debt or demand shall not be barred during the time of the indulgence.”
In the case before us, the evidence is, that the executor requested William Ledbetter to suspend the debt due his father’s estate, until the land was paid for. The statute does not require any particular form of demand to be made by the creditor. To speak of his claim and desire its payment, is. a sufficient demand. Nor is it necessary, that there should be express proof of a demand. That it was made, may be inferred from the circumstances. The special request for delay, implies a demand. Such request would be uncalled for, so long as.the creditor was silent, and, therefore, when proved, furnishes evidence that such conversation had occurred, as would amount to a demand within the meaning of the statute. Here the proof is, that the request" for delay was special, not merely, an inference of the creditor, that it would be agreeable to the executor, that he should delay, but an urgent special request, growing out of the estimate he had made of the condition of the estate, and with a view to accomplish the important object of paying for the land, so that the family might have a home. Here too, the request stipulated for a special delay, for a definite time of indulgence. Not, to be sure, for a particular length of time named in ’the request, but for the time that might elapse until he could accomplish a certain event, named and stipulated in the request. There is nothing vague or indefinite in the period here fixed, for it the land were paid for, the statute would run from that period, in the same way that it would, if a particular day of a specified year had been named.
We think, therefore, that in this case, there is proof, that after a *568 demand was made for this debt, the executor made of the creditor a special request for delay, for a definite period; and upon the construction of this statute, in the case of Trott vs. West, 9 (Yerg. Rep. 433,) these executors could not have resisted a recovery of this debt, in an action at law, upon the ground, that the request was not such an one as would prevent the bar of the statute.
But the case is much stronger for the executors, when, by a bill in equity, a legatee seeks to charge them with a devastavit, for paying the debt, than it would have been for the creditor, in an action at law, against the executors, for the recovery of the debt.
If the executors felt that it was doubtful, whether the creditor could recover, and knowing that the debt was a just one, and that they had induced him to delay by their request, it might be very proper for them to pay the debt. They would thus have avoided an expensive litigation, that might have resulted in a recovery of the debt at last, involving the estate in unnecessary costs, and themselves in dishonor.
We do not intend to intimate, however, that if an executor pay debts, clearly barred by this statute, he would not be guilty of a devastavit, for which he might be rendered liable in this court. All we mean to say, is, when he is sought to be charged in a court of chancery, with a devastavit for the payment of debts that were clearly just, the payment of which had been delayed by his request, he is not to be held to so strict proof, that such request was within the proviso of the statute, as the creditor, seeking to recover his debt, would be required to make.
2nd. But in this case, the complainants have no right to litigate this matter. Their mother having died, they must claim as her distri-butees, and not as legatees of their grandfather. Her representative must, therefore, sue.
If her administrators were to recover the estate for which this suit is brought, then the present complainants might, by bill, compel him to distribute it to them. Thurman vs. Shelton, 10 Yer. Rep. 389. Let the decree be affirmed,